## THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* THE COUNTY COMMISSIONERS OF HOWARD COUNTY.

*Removal of Criminal Cases—Sheriff—Costs of a Removed Criminal Case.*

Where the case of a party charged with a criminal offence is removed to another county for trial, the sheriff of the county to which the case is removed is the proper person to take charge of the removal of the prisoner.

The Commissioners of the county to which the case is removed, have the power in the absence of any statute regulating it, to allow the sheriff a reasonable sum for the removal of the prisoner.

If the circumstances of the case be such as to call for extra care in guarding the prisoner, and keeping him safely to answer the charge against him, and in the opinion of the sheriff the unguarded jail is not sufficient for that purpose, it is his duty to guard it; and the expense of such guard must be borne, not by the sheriff personally, but by the community, for whose protection the prisoner is confined.

The Commissioners of the county where the case is tried have the same power to determine the proper allowance to be made for removing the prisoner from the place where he is tried to the penitentiary, that they have to determine the allowance for his removal to the place of trial.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court. By agreement a *pro forma* judgment was entered by the Court below in favor of the plaintiff. The defendant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, ROBINSON, and BRYAN, J.

*John P. Poe, City Counsellor,* for the appellant.

Mayor, &c., of Balto. *vs.* County Comm'rs of Howard Co.

*Joseph D. McGuire,* for the appellee.

STONE, J., delivered the opinion of the Court.

This is a suit brought by the Commissioners of Howard County against the Mayor and City Council of Baltimore, to recover the expenses paid by Howard County for the trial, &c., of Bell, a prisoner removed from Baltimore to Howard County for trial. This case was tried upon an agreed statement of facts. The account in dispute consists of three items, one of $40, for bringing Bell from Baltimore City to Howard County; another of $25, for carrying him to the penitentiary after his conviction; and the third item is $248, for an extra guard employed at $2.50 a day, for guarding the prisoner while in jail at Ellicott City, after he was found guilty by the jury and when an appeal was pending.

Baltimore City objects to the item of $40 upon two grounds, 1st. That it was not the duty of the sheriff of Howard County to go to the city and carry the prisoner to Howard County; and 2nd. That the charge was unreasonable and excessive.

The statute does not designate which sheriff should make the removal of the prisoner, but as it says a prisoner shall not be removed until the *first day* of the session of the Court *to which* the case has been removed, and as the sheriff of the county where the case is to be tried would be presumed to be especially cognizant of that day, the removal by him would seem to be appropriate, and we think he is the proper one to make such removal.

As to the second objection, that the charge is excessive and unreasonable, there is no evidence whatever in the record that the charge is excessive or unreasonable. The case was tried below upon an agreed statement of facts, and there is not a particle of proof that the amount so paid was unreasonable. We do not know what trouble or risk this removal may have cost the sheriff, or what as-

sistance it was necessary for him to employ to remove safely a prisoner whose character was so desperate as that which the record does disclose was the character of Bell.

But apart from this, the Commissioners of Howard County must be presumed to have examined into all the circumstances, and to have acted fairly both toward the sheriff and the community. They certainly have the power, in the absence of any statute regulating it, to allow the sheriff a reasonable sum for the performance of such a duty. When, therefore, they determined, with their knowledge of all the circumstances of the case, that $40 was a fair and reasonable allowance, it would require clear and positive proof to the contrary to authorize this Court to reverse their judgment, much less can they do so when there is absolutely no proof that they were in error. The last objection is that Baltimore City ought not to pay for guarding a prisoner in Howard County jail. The proof of the necessity of such a guard is full and explicit. The sheriff of Howard County was warned by the detective force of New York, as well as of Baltimore, that Bell was one of a gang of the most desperate bank robbers and forgers that ever was in this country, and that his friends would not hesitate at any obstacle to rescue and release him, if the slightest opportunity offered. The Circuit Court also admonished the sheriff to take unusual precautions against the escape of Bell, and if necessary, to employ an extra guard. This was also concurred in by the State's attorney for Howard. To have disregarded these repeated warnings, and not to have taken extra precautions, should and would have subjected the sheriff to great censure, and in the event of the escape of Bell, ought to have rendered him liable to the severest penalties of the law. It was the first and imperative duty of the sheriff to keep *this prisoner safely* to answer for his violation of the laws of the State. If, in his opinion, the unguarded jail was not sufficient for that purpose, it was his duty to

guard it. The expense of such guard was not to be borne by the sheriff personally, but by the community, for whose protection against this forger and robber it was done. It makes no difference whether the case originated in Howard County or was a case removed there. The duty and liability are the same. In the one case the expense would be borne by Howard County, and in the other by Baltimore City, who is, under our statute, liable for all the proper costs of the trial of the removed case.

If any authority is required for a proposition that seems to us so plain, it can be found in the case of *Hart and others vs. The Commissioners of Vigo County,* 1 *Carter's Indiana Reports,* 309, which was a case almost precisely like the one at bar, and in which the Court said that the expense of guarding the jail must be considered necessary and consequent upon the change of *venue,* and must be paid by Vigo County, (from which the case was removed,) and that the fact that Vigo County had a good jail was immaterial. What we have already said about the reasonableness of the charge made for the removal from Baltimore City to Howard County applies to the item in the account for carrying the prisoner from Howard County to the penitentiary, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 19th February, 1884.)